# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELANIE LAWSON,<br><br>    Plaintiff,<br><br>v.<br><br>1. STATE FARM FIRE AND CASUALTY COMPANY;<br>2. DON CARPENTER; and<br>3. CARPENTER INSURANCE AGENCY, INC.,<br><br>    Defendants. | Case No. CIV-25-168-RAW-JAR |

## ORDER

This action arises from a homeowner's insurance coverage dispute. Plaintiff filed her Petition in the District Court of Pontotoc County, Oklahoma, alleging that on March 14, 2024, the roof on her home was severely damaged by a wind and/or hail event. At the time, she had a State Farm homeowners insurance policy sold to her by Agent Carpenter. The policy included coverage for losses from wind and hail without limitation or exclusion.

Agent Carpenter represented to Plaintiff that her property met State Farm's underwriting requirements and advised her that she would be covered in the event of wind and/or hail loss. Nevertheless, while the estimated damage to Plaintiff's roof was in excess of $40,000.00, in furtherance of its "outcome-based claim handling scheme" known as the "Hail Claim Focus Initiative," State Farm refused to make any payment to Plaintiff.

Plaintiff brought claims against State Farm for breach of insurance contract and breach of good faith and fair dealing. She also brought claims against Agent Carpenter and his Agency for

negligent procurement and constructive fraud. She alleged that Agent Carpenter knew or should have known of State Farm's Hail Claim Focus Initiative put in place to wrongfully lower indemnity payments owed to insureds on covered claims, specifically total roof replacements, and yet did not inform her, even upon renewal of her policy. She alleged that Agent Carpenter and the Agency had a duty to disclose the information to Plaintiff, and that they did not.

State Farm then filed a notice of removal to this court, alleging that Plaintiff fraudulently joined Agent Carpenter and the Agency. Now before the court are the Plaintiff's motion to remand [Docket No. 21], the response thereto filed by State Farm [Docket No. 27], and the Plaintiff's reply [Docket No. 30].

Also before the court are the Findings and Recommendation ("F&R") filed by United States Magistrate Judge Jason A. Robertson, recommending that the Plaintiff's motion to remand be granted and this action be remanded to the District Court of Pontotoc County, Oklahoma [Docket No. 32], State Farm's objection thereto [Docket No. 33], and the Plaintiff's reply [Docket No. 34].

When a civil action over which the federal court has original jurisdiction is brought in state court, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Diversity jurisdiction exists, however, "only if no plaintiff and no defendant are citizens of the same state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

A removing defendant bears the burden of establishing the requirements of diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Specifically here, State Farm has a *heavy burden* to prove that there is complete diversity

because Plaintiff fraudulently joined Agent Carpenter and his Agency. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) ("The case law places a heavy burden on the party asserting fraudulent joinder."). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id*.

To establish fraudulent joinder, State Farm must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation omitted). Not only does a defendant asserting fraudulent joinder carry a heavy burden of proof, "*all factual and legal issues must be resolved in favor of the plaintiff.*" *Id*. (emphasis added).

As to the first prong, Magistrate Judge Robertson found that there is no evidence that Plaintiff engaged in actual fraud. As to the second prong, he found that Plaintiff has a reasonable possibility of succeeding on the negligent procurement or constructive fraud claims against Agent Carpenter and his Agency. The court agrees.

In its Objection, State Farm first takes umbrage with the portion of the F&R stating that there is no allegation or evidence that Plaintiff engaged in actual fraud by lying in the pleadings about the jurisdictional facts. State Farm notes that it did argue that Plaintiff alleged false facts and then re-urges its arguments that Plaintiff's counsel "asserts **the exact same** allegations against different State Farm agents," and therefore the allegations must be implausible. The court is as unconvinced by this as was Magistrate Judge Robertson. If several agents failed to inform their clients of the same initiative to deny claims for total roof replacements and said

3

clients suffered damages therefrom, it follows that the exact same or very similar allegations would be brought against the agents.

State Farm next argues that further evidence of fraudulent allegations is the fact that Plaintiff's policy pre-dates the "Hail Claim Focus Initiative" by four years. Plaintiff's policy originated in 2015, and the "Hail Claim Focus Initiative" began in 2019. Again, the court is not convinced. Plaintiff alleges that Agent Carpenter had a duty **upon renewals** of the policy to adjust or correct the policy to provide the coverage she initially requested or advise her that he could not do so. By the time of Plaintiff's loss in 2024, the initiative had been in place for several years and Agent Carpenter had failed to inform her upon several renewals.

As to the second prong, State Farm argues that Plaintiff cannot state a claim against Agent Carpenter or his Agency for negligent procurement under Oklahoma law for four reasons. Firstly, it argues that Agent Carpenter procured the policy with the type of coverage requested, and that Plaintiff's claims arise from State Farm's handling of her claim rather than the policy itself. Secondly, in what seems to be a sort of repackaging of its first argument, State Farm argues that it was not the type of policy that caused Plaintiff's damages, but instead the fact that State Farm concluded that the damage did not warrant a total roof replacement. Again, while the language of the policy may have covered Plaintiff's damage, her allegations are that her Agent had a duty to tell her of the internal State Farm initiative to not pay on such claims, effectively nullifying her coverage. Thirdly, State Farm argues that Agent Carpenter owed no duty to inspect the property. Fourthly, it argues that the coverage provided was sufficient to restore Plaintiff's house to its pre-loss condition in the event of a covered loss.

State Farm further argues that Plaintiff has no possible claim for constructive fraud against Agent Carpenter because he owed her no duty of disclosure, Plaintiff did not prove

reasonable reliance or causation, Agent Carpenter's representations were true, and his representations as to State Farm's future performance cannot be the basis for constructive fraud. Finally, State Farm requests that if the court finds that it has failed to meet its heavy burden, that the court order limited jurisdictional discovery.

As noted by Magistrate Robertson, under the second prong, "the court must decide whether there is a reasonable basis to believe the plaintiff might succeed on at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id*. Magistrate Judge Robertson also correctly notes that Oklahoma law recognizes claims against agent where insurance is not procured as promised and Oklahoma courts have imposed liability for nondisclosure where a duty to speak arises. Moreover, federal courts in Oklahoma have remanded similar cases involving this initiative.

In fact, as noted by Plaintiff, since the original briefing in this case, the Western District of Oklahoma consolidated eleven "Hail Claim Focus Initiative" cases and remanded them. *Willard v. State Farm Fire & Cas. Co.*, No. CIV-25-337-SLP, 2025 WL 2419274 (W.D. Okla. Aug. 21, 2025). That court specifically focused "on the following inquiry: whether an agent can be held liable under Oklahoma law by representing that the insured would receive full replacement cost coverage as requested, knowing of the insurer's wide-spread scheme to unduly limit such coverage through, *inter alia*, its narrow coverage construction at claims handling." *Id*. at *1. The court found that State Farm had not met its burden to show that the plaintiffs could not recover against the agents on one of the two theories of recovery asserted – negligent

procurement or constructive fraud and negligent misrepresentation. *Id*. at *6. This court agrees with the analysis.

State Farm has not met its heavy burden to show that there is no reasonable basis to believe that Plaintiff can recover against Agent Carpenter or his Agency on one of the two theories asserted – negligent procurement or constructive fraud. The court will not order limited jurisdictional discovery. The court further finds that while unsuccessful, State Farm provided an objectively reasonable basis for removal; thus, attorney's fees will not be awarded.

After a *de novo* review, the court determines that the R&R is well-supported by the evidence and the prevailing legal authority. The court agrees with Magistrate Judge Robertsons's findings that there is no evidence that Plaintiff engaged in actual fraud and that she has at least a reasonable possibility of succeeding on the negligent procurement or constructive fraud claims against Agent Carpenter and his Agency. This case therefore should be remanded.

The F&R [Docket No. 32] is hereby affirmed and adopted as this court's Findings and Order. Accordingly, Plaintiff's motion to remand [Docket No. 21] is hereby GRANTED, and this action is hereby REMANDED to the District Court of Pontotoc County, Oklahoma. No attorney's fees are awarded. The remaining pending motion [Docket No. 16] is hereby termed as MOOT.

**IT IS SO ORDERED** this 5th day of December, 2025.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**